UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. YOUNG,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LOS ANGELES POLICE DEPARTMENT, ET AL.,<br><br>　　　　　　　　Defendant(s). | Case No. CV 20-11087-VBF (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff John C. Young ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of his Fourth Amendment rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On November 30, 2020, Plaintiff constructively filed[1] a Complaint against the Los Angeles Police Department ("LAPD"), the County of Los Angeles, Sergeant

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is

Smith, and various "John Doe" defendants in their individual and official capacities. ECF Docket No. ("Dkt.") 1.

On February 2, 2021, prior to the Court screening the Complaint, Plaintiff constructively filed a First Amended Complaint ("FAC") against the LAPD, "John Does 1-10," and five LAPD employees in their individual capacity: Officer Grant, Officer Lopez, Officer Arnendariz, Officer Dzwoniarek, and Sergeant Smith (collectively, "Defendants"). Dkt. 8, FAC at 3-4. The FAC alleges Defendants subjected Plaintiff to a "warrantless arrest and subsequent malicious prosecution" in violation of the Fourth Amendment. Id. at 5. Specifically, the FAC sets forth the following relevant allegations:

On November 5, 2019, Plaintiff was arrested by the LAPD. Id. at 9. On the day of his arrest, Plaintiff was shopping at a CVS when he believed he observed the cashier "jotting down his credit card number." Id. at 5. Plaintiff left the CVS and entered a nearby cell phone store in the shopping plaza to call the police. Id. at 5-6. Defendants Dzwoniarek and Arnendariz approached Plaintiff, who "requested to file a report," but was told by the officers that they had been alerted to Plaintiff's "disruptive" behavior. Id. at 6. The officers instructed Plaintiff to leave and told Plaintiff they would take down his report after they attended to an "entirely different matter" that had originally brought them to the plaza. Id. Defendants Dzwoniarek and Arnendariz then walked away to join defendants Grant, Lopez, Smith and "several other unnamed officers." Id.

After "three hours of waiting" and approaching the group of officers multiple times,[2] Plaintiff approached defendant Smith, who told Plaintiff, "[Plaintiff] had not presented the requisite evidence to motivate a report or any other kind of

---

signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners").

[2] Plaintiff alleges the delay was caused because Defendants were "argu[ing] about … [an off duty] bar incident." Id. at 10-12.

1  investigatory inquiry" and that Plaintiff should take it up at the "sub-station." Id. at 7.
2  Plaintiff then got in his car and pulled around to the CVS where Defendants were
3  standing. Id. Plaintiff rolled down his driver-side window and "sought to verbally
4  complain" to defendant Smith, who was on the left side of Plaintiff's vehicle in the
5  parking lot, while the other officers were on the right side of Plaintiff's vehicle. Id. at
6  8. The "discussion between [Plaintiff] and defendant Smith became heated," and "at
7  some point," defendant Smith ordered Plaintiff out of the vehicle and arrested him
8  without a warrant. Id. Plaintiff was taken into custody and posted bond, and "a new
9  court [date] of December 6, 2019 was set." Id. at 9.
10       On December 6, 2019, Plaintiff was arraigned and charged with violating
11 section 422 of the California Penal Code for making criminal threats in case number
12 LACBA48258401. Id. at 9, 12. Plaintiff's bail was raised to $1,075,000 "to reflect his
13 two previous strikes" and Plaintiff "was now facing a maximum sentence of life in
14 prison." Id. Plaintiff was remanded into the custody of Los Angeles County Jail for
15 "about fifty days, during which the defendants – via fraud, corruption, perjury and
16 fabricated evidence – maliciously prosecuted [Plaintiff], exposing him to a maximum
17 sentence of life in prison." Id. at 5, 9-10.
18       On January 15, 2020, Plaintiff's preliminary examination proceeded before
19 Magistrate Judge Murgia in case number LACBA48258401. Id. at 10. Plaintiff states
20 Defendants had prepared police reports that falsely claimed Plaintiff stated to
21 defendants Grant and Arnendariz, "I'm gonna ram your fucken SUV. You gonna get
22 hurt." Id. at 10. At the preliminary hearing, defendants Smith and Grant "committed
23 perjury" and "furthered their malicious plot" by falsely testifying that Plaintiff had
24 "told the two women officers [defendants Grant and Arnendariz] that he was gonna
25 ram . . . their fucken SUV," but Plaintiff never made such statements to defendants
26 Grant and Arnendariz. Id. at 10-12. Plaintiff submitted a report prepared by "the
27 detective assigned to the case," which "truthfully stated that [Plaintiff] had been
28 addressing Sergeant Smith the whole time" during the incident of Plaintiff's arrest and

1  that therefore, "there was no criminal threat." Id. at 10-11.  At the end of the hearing,
2  the Magistrate Judge "set aside the Complaint, ruling that the arrest has been without
3  probable cause," id. at 11, and the "prosecution terminated in [Plaintiff]'s favor," id. at
4  5.
5       Plaintiff alleges Defendants' actions constitute malicious prosecution because a
6  criminal case was commenced by Defendants; the case was terminated in Plaintiff's
7  favor; the case was brought "without probable cause – established by the ruling at the
8  preliminary examination"; and the case was "initiated with malice – established by the
9  perjury, fraud, blatant lies and other unethical acts." Id. at 13.
10      Plaintiff alleges the LAPD "authorized and ratified" the wrongful acts of the
11 individual defendants, as "the result of policies, practices and customs to subject
12 persons to outrageous and unreasonable seizures void of probable cause [and]
13 malicious initiations of fraudulent criminal complaint[s] aimed at ruining lives." Id.
14 Plaintiff also alleges the LAPD is liable for "failure to train their employees where the
15 failure amounts to LAPD officers constantly engaging in fraudulent and warrantless
16 arrest, the subsequent unjustified confinements and malicious prosecutions." Id.
17      Plaintiff further alleges Defendants' actions caused "stress, anxiety," "[loss of]
18 hundreds of thousands of dollars by posting bail, paying for his car to be released
19 from impound, loss of money on a house he was selling, lost money on his braces…
20 [and] loss of potential income." Id.  Plaintiff seeks compensatory and punitive
21 damages.  Id. at 15.

## III.

## STANDARD OF REVIEW

24  Where a plaintiff is proceeding in forma pauperis, a court must screen the
25 complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it
26 concludes the action is frivolous or malicious, fails to state a claim on which relief may
27 be granted, or seeks monetary relief against a defendant who is immune from such
28

4

1 relief. 28 U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194
2 (9th Cir. 1998).
3       Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a
4 "short and plain statement of the claim showing that the pleader is entitled to relief."
5 FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for
6 screening purposes, a court applies the same pleading standard as it would when
7 evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See
8 Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).
9       A complaint may be dismissed for failure to state a claim "where there is no
10 cognizable legal theory or an absence of sufficient facts alleged to support a
11 cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In
12 considering whether a complaint states a claim, a court must accept as true all of the
13 material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.
14 2011). The court, however, need not accept as true "allegations that are merely
15 conclusory, unwarranted deductions of fact, or unreasonable inferences." In re
16 Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint
17 need not include detailed factual allegations, it "must contain sufficient factual matter,
18 accepted as true, to state a claim to relief that is plausible on its face." Cook v.
19 Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662,
20 678 (2009)). A claim is facially plausible when it "allows the court to draw the
21 reasonable inference that the defendant is liable for the misconduct alleged." Id. The
22 complaint "must contain sufficient allegations of underlying facts to give fair notice
23 and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d
24 1202, 1216 (9th Cir. 2011).
25       "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,
26 however inartfully pleaded, must be held to less stringent standards than formal
27 pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).
28 Liberal construction, however, should only be afforded to "a plaintiff's factual

5

1 allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not
2 accept as true "unreasonable inferences or assume the truth of legal conclusions cast
3 in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir.
4 2003).

5     If a court finds the complaint should be dismissed for failure to state a claim,
6 the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,
7 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it
8 appears possible the defects in the complaint could be corrected, especially if the
9 plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106
10 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot
11 be cured by amendment, the court may dismiss without leave to amend. Cato, 70
12 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

13 **IV.**
14 **DISCUSSION**
15 **A.**   **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE LAPD**
16     **1.**     **Applicable Law**
17     A municipality "may not be sued under § 1983 for an injury inflicted solely by
18 its employees or agents. Instead, it is when execution of a government's policy or
19 custom, whether made by its lawmakers or by those whose edicts or acts may fairly be
20 said to represent official policy, inflicts the injury that the government as an entity is
21 responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S.
22 658, 694 (1978). An "official-capacity suit is, in all respects other than name, to be
23 treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985);
24 see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles,
25 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official
26 personally, for the real party in interest is the entity." Graham, 473 U.S. at 166
27 (emphasis in original).

28

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted).  Proof of random acts or isolated events is insufficient to establish a custom or practice.  Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1996).  Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law.  Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997).  In addition, a plaintiff must show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Additionally, a municipality may be held liable for a constitutional violation if it inadequately trains its employees.  City of Canton v. Harris, 489 U.S. 378, 388 (1988). Under a deficient training theory, a municipality may be held liable where the continued "adherence by policymakers 'to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action – the 'deliberate indifference' – necessary to trigger municipal liability." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing Board of Cnty. Comm'rs of Bryan Cnty., 520 U.S. at 407). Moreover, "the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incidence, is the 'moving force' behind the plaintiff's injury." Board of Cty. Comm'rs of Bryan Cty., 520 U.S. at 407-08.  Alternatively, a plaintiff may prove a failure-to-train claim without showing a pattern of constitutional violations where "a violation of federal rights may be a highly predictable consequence of a failure to

1 equip law enforcement officers with specific tools to handle recurring situations." Id.
2 at 409.
3     Lastly, "[a] municipality may be held liable for a constitutional violation if a
4 final policymaker ratifies a subordinate's actions." Lytle v. Carl, 382 F.3d 978, 986
5 (9th Cir. 2004) (citing Christie v. Iopa, 176 F.3d 1231, 1238 (9th Cir. 1999)). "To
6 show ratification, a plaintiff must demonstrate that the 'authorized policymakers
7 approved a subordinate's decision and the basis for it.'" Christie, 176 F.3d at 1239
8 (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).
9     **2.    Analysis**
10     Here, Plaintiff fails to demonstrate he was wrongly arrested or prosecuted
11 pursuant to a formal governmental policy or a "longstanding practice or custom" of
12 the LAPD.
13     Plaintiff alleges the LAPD "authorized and ratified" the acts of the individual
14 defendants, "whose wrongful conduct was the result of policies, practices and
15 customs" of making arrests without probable cause and maliciously initiating criminal
16 complaints "aimed at ruining lives." Dkt. 8 at 13. Plaintiff also alleges the LAPD is
17 liable for "failure to train their employees." Id. These conclusory allegations are
18 insufficient to state a Section 1983 claim against the LAPD.
19     First, Plaintiff does not demonstrate widespread, systematic violations which
20 have become the force of law. See Board of Cnty. Comm'rs of Bryan Cnty., 520 U.S.
21 at 404. The FAC does not plausibly allege the LAPD has a policy, custom, or practice
22 to falsely arrest suspects without probable cause, falsely submit police reports, or
23 falsely provide testimony in preliminary hearings; rather, Plaintiff merely alleges an
24 isolated arrest and investigation that resulted in his prosecution.
25     Additionally, the FAC does not include specific factual allegations
26 demonstrating the LAPD is liable for failure to train its employees. Plaintiff does not
27 allege facts "the need for more or different training [was] obvious" and that
28 policymakers did not correct the alleged deficiency, despite it being likely to occur.

1  See City of Canton, 489 U.S. at 396.  Finally, despite Plaintiff's conclusion the LAPD
2  "authorized and ratified" the acts of the individual defendants named in the FAC, the
3  FAC does not allege facts demonstrating "authorized policymakers" approved the
4  defendants' decisions to arrest and prosecute Plaintiff.  See Christie, 176 F.3d at 1239.
5        Accordingly, Plaintiff's Fourth Amendment claim against the LAPD is subject
6  to dismissal.

### B. PLAINTIFF'S CLAIMS AGAINST THE DOE DEFENDANTS ARE SUBJECT TO DISMISSAL

#### 1. Applicable Law

To state a Section 1983 claim against a defendant for violation of civil rights under Section 1983, a plaintiff must allege that the defendant deprived him or her of a right guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1998).  A plaintiff must present facts showing how a particular defendant was directly and personally involved in inflicting the alleged injury.  See Iqbal, 556 U.S. at 676.  Moreover, although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cook, 637 F.3d at 1004 (quoting Iqbal, 556 U.S. at 678).

#### 2. Analysis

Here, the FAC fails to allege specific facts regarding "John Does 1-10." Rather, Plaintiff asserts the "named" Defendants filed and submitted police reports regarding his arrest incident.  Plaintiff does not allege facts indicating any other defendants were involved.  Plaintiff must allege specific facts showing how each Doe defendant was directly and personally involved in inflicting the alleged constitutional injury.  See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly, Plaintiff's claims against the Doe defendants are subject to dismissal.

## V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in a Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or

rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the Complaint, FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cnty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that Plaintiff intends to stand on the allegations in the FAC. If Plaintiff chooses to stand on the FAC despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges. If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and

dismisses the deficient claims discussed in this Order, the Court will issue a separate order regarding service of any claims remaining in the FAC at that time.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if Plaintiff chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 21, 2021

HONORABLE KENLY KIYA KATO
United States Magistrate Judge